LINK: 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0457 GAF (PLAx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | Solid 21, Inc. v. Breitling USA inc. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**        (In Chambers)

### ORDER RE:  MOTION TO DISMISS FIRST AMENDED COMPLAINT

### I.  INTRODUCTION AND BACKGROUND

  Plaintiff Solid 21, Inc. ("Solid 21" or "Plaintiff") brings this trademark infringement suit against Breitling USA Inc. and Breitling SA (collectively, "Breitling" or "Defendant").  (Docket No. 1, Compl.)  Plaintiff alleges that it is the owner of the registered and incontestable trademark "Red Gold" for fine jewelry and watches made from a gold alloyed to be a distinctive color.  (Docket No. 6, First Am. Compl. ("FAC") ¶¶ 2, 13.)  Plaintiff alleges that it has spent significant resources promoting its "Red Gold" brand for over five years.  (Id. ¶¶ 12, 14.)  According to the FAC, Defendant has sold, marketed, and advertised "fine jewelry utilizing the RED GOLD® mark," and has allowed third parties to promote their products under the "Red Gold" mark  (Id. ¶¶ 19–20.)  Plaintiff alleges that Defendant used the mark "with full knowledge" or "in negligent disregard" of Plaintiff's rights in the mark.  (Id. ¶ 20.)  Plaintiff avers that Defendant's use of the mark is "likely to cause confusion, reverse confusion, mistake, and/or deception as to the source of Defendant's goods and services."  (Id. ¶ 21.)

  Plaintiff further alleges that it has developed a "metal alloy gold derivative with an amber hue," which it has branded as "Red Gold."  (Id. ¶ 22.)  According to Plaintiff, products containing this "metal alloy gold derivative with an amber hue" are associated with the "Red Gold" mark and with Plaintiff.  (Id.)  Plaintiff avers that the gold with the amber hue that it has developed gives its products a "distinctive look" and "identif[ies] Solid 21 and its mark Red Gold."  (Id.)  Plaintiff alleges that Defendant has manufactured and marketed jewelry and watches using "gold treated to create a hue similar to the gold developed by [Plaintiff]" in order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0457 GAF (PLAx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | Solid 21, Inc. v. Breitling USA inc. et al | | |

to capitalize on goodwill that Plaintiff has created and in order to confuse consumers.  (Id.)  The FAC specifically alleges that between 2007 and 2011, Defendant marketed and advertised in internet sites and magazines "the Navitimer Montbrillant Datora Red Gold 2 and the Montbrillant Datora Red Gold" using the "Red Gold" trademark and a distinct gold with an amber hue.  (Id. ¶ 23.)

On the basis of these allegations, Plaintiff asserts claims for: (1) infringement of a registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114; (2) infringement of an unregistered trademark in violation of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); (4) common law trademark infringement; (5) unfair competition under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (6) trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c); (7) false description in violation of the Lanham Act, 15 U.S.C. § 1125(a); (8) trademark dilution in violation of California Business and Professions Code section 14200; and (9) declaratory relief.  (Id. ¶¶ 24–79.)

Defendant now moves to dismiss Plaintiff's complaint for failure to state a claim.  (Docket No. 7.)  For the reasons set forth below, the Court **GRANTS** the motion.

## II.  DISCUSSION

**B.  LEGAL STANDARD FOR DISMISSAL UNDER RULE 12(B)(6)**

A complaint may be dismissed for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  On a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint and construe them "in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007).  Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl.

LINK: 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0457 GAF (PLAx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | Solid 21, Inc. v. Breitling USA inc. et al | | |

Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 1950.

While a complaint generally need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotation marks omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1949–50; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**B. APPLICATION**

Each of Plaintiff's claims depends on its ownership of a protectable trademark. See Lee Myles Assocs. Corp. v. Paul Rubke Enters., Inc., 557 F. Supp. 2d 1134, (S.D. Cal. 2008) (identifying "plaintiff's ownership of a valid, protectable trademark" as one element of a claim for trademark infringement under § 1114); Century 21 Real Estate LLC v. All Prof'l Realty, Inc., No. 10-2751, 2011 WL 221651, at *10 (E.D. Cal. Jan. 23, 2011) (explaining that the elements of a claim under § 1125(a) are the same as the elements of a claim under § 1114(a) "with the exception that the trademark need not be registered"); Glow Indus., Inc. v. Lopez, 252 F. Supp. 2d 962, 975 n.90 (C.D. Cal. 2002) (noting that "[t]he standard for Lanham Act unfair competition is the same as that for Lanham Act trademark infringement" and that "the elements of state claims for trademark infringement and unfair competition are substantially similar to those of the comparable federal claims"); CG Roxane LLC v. Fiji Water Co. LLC, 569 F. Supp. 2d 1019, 1034 (N.D. Cal. 2008) (noting that "plaintiff must prove that it has a valid mark" to state a federal or state trademark dilution claim). Plaintiff seeks to recover for Defendant's alleged infringement and dilution of two marks: (1) its registered mark in "Red Gold" ("the Word Mark"), and (2) its unregistered trademark in the gold alloy with an amber hue that it uses in its products ("the Color Mark"). Defendant moves to dismiss all claims because it contends that these marks are not protectable. Defendant also moves to dismiss the claims relating to its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0457 GAF (PLAx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | Solid 21, Inc. v. Breitling USA inc. et al | | |

alleged unlawful use of the "Red Gold" word mark on the ground that its use of those words is fair as a matter of law. The Court addresses the protectability of each mark in turn.

### 1. THE WORD MARK

Breitling moves to dismiss all claims based on its use of Plaintiff's "Red Gold" word mark on the grounds (1) that the mark is generic and thus not entitled to protection, and (2) that, regardless, its use of the word mark was fair as a matter of law. (Mem. at 4–12.)

A generic mark is invalid and not subject to trademark protection. Advertise.com, Inc. v. AOL Advertising, Inc., 616 F.3d 974, 977 (9th Cir. 2010). A generic term is one that "refer[s] to 'the genus of which the particular product or service is a species,' i.e., the name of the product or service itself." Id. Unlike generic marks, descriptive marks are protected by trademark law. Id. "A descriptive mark describes the qualities or characteristics of a product." Id. To determine whether a mark is generic, the Ninth Circuit uses the "'who-are-you/what-are-you' test." Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 929 (9th Cir. 2005). A descriptive mark "answers the buyer's questions 'Who are you?' 'Where do you come from?' 'Who vouches for you?'" Id. By contrast, a generic mark "answers the question 'What are you?'" Id. Put another way, "'[t]o determine whether a term [is] generic, we look to whether consumers understand the word to refer only to a particular producer's goods or whether the consumer understands the word to refer to the goods themselves.'" Advertise.com, Inc., 616 F.3d at 977. (quoting Yellow Cab Co., 419 F.3d at 929). If consumers understand the word to refer only to a particular producer's goods, it is not generic. Yellow Cab Co., 419 F.3d. at 929.

Whether a mark is generic or descriptive is a question of fact. Advertise.com, Inc., 616 F.3d at 977. This, however, does not mean that a court can never dismiss a claim at the 12(b)(6) stage on the ground that a mark is generic and thus invalid. See Closed Loop Mktg., Inc. v. Closed Loop Mktg., LLC, 589 F. Supp. 2d 1211, 1217 (E.D. Cal. 2008). "[T]he requirement that the court accept all plaintiff's factual allegations as true, and construe the available evidence in the light most favorable to plaintiff, does not compel the court to accept plaintiff's conclusory allegations as to which category [a mark] fits into. Instead, the court asks whether the plaintiff's allegations or the judicially noticed facts are sufficient to resolve this question." Id. Ninth Circuit case law confirms that the Court can consider judicially noticeable facts in resolving a motion to dismiss. Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011).

Here, judicially noticeable facts make clear that the "Red Gold" word mark answers the question "what are you?" not "who are you?" and thus is generic and unprotected. Under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0457 GAF (PLAx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | Solid 21, Inc. v. Breitling USA inc. et al | | |

Federal Rules of Evidence, a fact is subject to judicial notice if it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendant has put forth evidence that the term "red gold" is used to describe a type of gold that is alloyed with copper to have a reddish hue. In particular, Defendant has offered a scientific book, an article from the Metropolitan Museum Journal, and an 1884 newspaper that refer to "red gold." (Docket No. 9, Req. for Jud. Not., Exs. A, B, C.) As the authenticity of these sources is not disputed, the Court may take judicial notice of their "existence and contents." See Cal. ex. rel. Lockyer v. Mirant Corp., 266 F. Supp. 2d 1046, 1053 (N.D. Cal. 2003); (see also Docket No. 13, Objection to Req. for Jud. Not. (not disputing authenticity of Defendant's exhibits and acknowledging that the "existence and contents" of documents are proper subjects of judicial notice)). The Court therefore does not judicially notice the truth of the statements contained in these sources, but rather only the fact that these documents refer to "red gold."

The Court also takes judicial notice of the fact that the Oxford English Dictionary contains an entry for "red gold," which it defines as "gold alloyed with copper." (Docket No. 17, Supp. Req. for Jud. Not., Ex. G.)[1] A dictionary definition is a proper subject of judicial notice. See Wayne v. Leal, No. 07-1605, 2009 WL 2406299, at *4 (S.D. Cal. Aug. 4, 2009) (noting that a court may take judicial notice of facts "that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, such as an almanac, dictionary, calendar, or other similar source" (emphasis added)).

Thus, Defendant has presented judicially noticeable evidence that "red gold" is a word used in the public domain to describe a type of gold. Notably, these documents do not refer to Plaintiff's products, but rather refer to "red gold" as a generic type of metal. This evidence thus shows that the term "red gold" is "identified with all such goods . . . , regardless of their suppliers." See Yellow Cab Co., 419 F.3d at 929. It denotes what something is, not who produces it. It is therefore generic and unprotectable. See id.

Plaintiff objects that the registration of its trademark creates a presumption of validity of its mark that cannot be overcome on a motion to dismiss. (Opp. at 8.) To be sure, "[f]ederal registration of a mark constitutes prima facie evidence" that a mark is valid and thus not generic. Yellow Cab Co., 418 F.3d at 928 (citing 15 U.S.C. § 1057(b)). A defendant, however, can

---

[1] Defendant submitted a copy of the Oxford English Dictionary that is virtually illegible. However, the Court takes judicial notice that the Oxford English Dictionary website lists this definition for red gold. See Red Gold, Oxford English Dictionary, available at http://www.oed.com/view/Entry/79763?rskey=Uyuorb&result=1&isAdvanced=false#eid126826778.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0457 GAF (PLAx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | Solid 21, Inc. v. Breitling USA inc. et al | | |

"overcome the presumption by a showing by a preponderance of the evidence that the term was or has become generic." Id. (internal quotations omitted). Breitling has rebutted that presumption here by pointing to judicially noticeable evidence that "red gold" is a generic term. Solid 21 does not cite any authority suggesting that a defendant cannot offer judicially noticeable facts to overcome the presumption of validity of a registered trademark on a motion to dismiss.

Plaintiff also argues that its "red gold" mark is not generic because it uses it to identify itself as the source of its products. (Opp. at 13.) This argument misses the mark. A generic term is not a valid trademark, regardless of whether a party uses it to identify itself as the source of goods. See Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc., 198 F.3d 1143, 1146 (9th Cir. 1999) ("If the term is generic, it cannot be the subject of trademark protection under any circumstances, even with a showing of secondary meaning.").

Next, Plaintiff argues that "red gold" is not generic as used here because "red gold" is defined as an alloy that is 50 percent gold and 50 percent copper, and Defendant has not shown that Solid 21's jewelry is 50 percent gold and 50 percent copper. (Opp. at 11–12.) This argument fails. "Red gold" refers to a metal in which gold is alloyed with copper; it does not necessarily refer to a metal that is 50 percent of each. Thus, whether Plaintiff's jewelry is precisely 50 percent gold and 50 percent copper is irrelevant.

Finally, Plaintiff suggests that "red gold" is not generic because "[t]here is a plethora of ways Breitling could describe its goods without using 'Red Gold,' including but not limited to, 'rose gold, 'everrose gold,' 'pink gold,'" etc. (Opp. at 12.) Plaintiff, however, cites no authority for the proposition that a term is not generic if competitors could also use other terms to accurately describe goods of that kind. Indeed, case law establishes that the availability of synonyms does not prevent a term from being generic. Loctite Corp. v. Nat'l Starch & Chem. Corp., 516 F. Supp. 190, 201 (S.D.N.Y. 1981) ("[T]he existence of synonyms for a term does not mean the term is not generic. There may be more than one term which the consuming public understands as designating a category of goods."); see also In re Recorded Books, Inc., 42 U.S.P.Q.2d 1275, 1281 (T.T.A.B. 1997) ("[A] product may have more than one generic name.").

Because the Court concludes that the "Red Gold" word mark is generic and therefore unprotectable, it **DISMISSES with prejudice** all of Plaintiff's claims to the extent that they are based on Defendant's alleged infringement of the "Red Gold" word mark. In light of this disposition, the Court need not reach Defendant's alternative argument that its use of the mark constituted non-actionable fair use as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0457 GAF (PLAx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | Solid 21, Inc. v. Breitling USA inc. et al | | |

### 2. THE COLOR MARK

Plaintiff also asserts claims based on Defendant's alleged infringement of "the amber hue gold alloy" that Plaintiff created. (FAC ¶¶ 41, 51, 57, 63, 68.) Plaintiff does not contend that this purported trademark is federally registered. To make out a claim for infringement of an unregistered trademark, a plaintiff must show that the trademark "(1) is nonfunctional; (2) is either inherently distinctive or has acquired a secondary meaning; and (3) is likely to be confused with [the defendant's] products by members of the consuming public." Int'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 823 (9th Cir. 1993) Defendant moves to dismiss all claims based on its alleged use of Plaintiff's color mark on the ground that the color is aesthetically functional and thus not protected.

Trademark law does not protect trademarks or trade dress that are functional. Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc., 457 F.3d 1062, 1067 (9th Cir. 2006). A product feature is considered "functional if it is 'essential to the use or purpose of the article or affects its cost or quality.'" Id. (quoting Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 851 n.10 (1982)). By refusing to protect features that are functional, "'the functionality doctrine prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition by allowing a producer to control a useful product feature.'" Id. (quoting Qualitex Co. v. Jacobson Prods. Co., Inc., 514 U.S. 159, 164 (1995)).

Courts in this Circuit follow a two-step inquiry to determine whether a product feature is functional.[2] Id. at 1072. First, the Court must "inquire whether the alleged 'significant non-trademark function' satisfies the Inwood Laboratories definition of functionality—'essential to the use or purpose of the article or affects its cost or quality.'" Id. (quoting TrafFix Devices, Inc. v. Mktg. Displays, Inc., 532 U.S. 23, 32–33 (2001)) (alterations omitted). If it does, the feature is functional and thus not protected. Id. In the second step, the court inquires whether the feature is aesthetically functional. See id. In that step, a court "inquires whether protection of the feature as a trademark would impose a significant non-reputation-related competitive disadvantage." Id. If it would, the feature is also functional and thus not protected. See id. At this stage, Defendant argues only that its use of Plaintiff's purported red gold color mark is aesthetically functional under the second prong of this test. (Reply at 16 n.5.)

---

[2] In its opposition to the motion to dismiss, Plaintiff incorrectly contends that the Ninth Circuit applies a four-factor test to determine functionality. (Opp. at 22.) The four-factor test the Plaintiff recites applies only to determine whether a feature is "functional under the utilitarian definition." See Au-Tomotive Gold, Inc., 457 F.3d at 1072 (citing Talking Rain Beverage Co. v. S. Beach Beverage Co., 349 F.3d 601, 603–04 (9th Cir. 2004)). The Ninth Circuit, however, also recognizes product features that are aesthetically functional. See id. at 1072–73.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0457 GAF (PLAx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | Solid 21, Inc. v. Breitling USA inc. et al | | |

"Functionality is a question of fact." Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1258 (9th Cir. 2001). Determining whether an unregistered mark is functional or nonfunctional therefore "cannot be resolved on a motion to dismiss." DocMagic, Inc. v. Ellie Mae, Inc., 745 F. Supp. 2d 1119, 1141 (N.D. Cal. 2010); accord Axis Imex, Inc. v. Sunset Bay Rattan, Inc., No. 08-3931, 2009 WL 55178, at *3 (N.D. Cal. Jan. 7, 2009); Morton v. Rank Am., Inc., 812 F. Supp. 1062, 1069 (C.D. Cal. 1993). Defendant has not cited, and the Court did not find, any case where a court determined that a mark was functional as a matter of law at the motion to dismiss stage. The Court therefore cannot conclusively determine at this stage whether Plaintiff's color mark is functional.

At the motion to dismiss stage, however, a plaintiff still has the burden to "plead facts which demonstrate that the color . . . is not a functional feature" of its watches and jewelry. Colur World, LLC v. SmartHealth, Inc., No. 09-0505, 2010 WL 299512, at *4 (E.D. Pa. Jan. 25, 2010); accord GNI Waterman LLC v. A/M Valve Co. LLC, No. 07-0863, 2007 WL 2669503, at *6 (E.D. Cal. Sept. 7, 2007) (requiring plaintiff to amend complaint to make more "defined non-functionality allegations"). Here, Solid 21 has not presented sufficient factual allegations supporting its claim that its gold "with an amber hue" is non-functional. To be sure, Solid 21 alleges that its "gold with the amber hue . . . is non-functional." (FAC ¶ 22D.) This, however, is merely a legal conclusion that the Court need not take as true on a motion to dismiss. See Iqbal, 129 S. Ct. at 1949–50. Solid 21 has not provided any supporting factual allegations that plausibly suggest that its use of the "gold with the amber hue" is non-functional under the Au-Tomotive Gold test. In other words, Solid 21 has not alleged facts showing that protecting its use of the amber gold color would not "impose a significant non-reputation-related competitive disadvantage." See Au-Tomotive Gold, Inc., 457 F.3d at 1072. Solid 21 has alleged that the "gold with the amber hue" identifies it as the producer of the goods and is associated with it and the "Red Gold" mark. (FAC ¶¶ 22B, C.) This, however, does not amount to an allegation that giving that color trademark protection would not impose a significant competitive disadvantage unrelated to reputation. Without alleging such facts, Solid 21 has not stated a "claim to relief that it is plausible on its face" as required by Federal Rule of Civil Procedure 8 as interpreted by Iqbal and Twombly. See Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). The Court therefore **DISMISSES** Plaintiff's claims to the extent that they are based on Defendant's allegedly improper use of Plaintiff's "gold with an amber hue" color mark. Plaintiff, however, shall be given **leave to amend** its complaint to allege facts that plausibly suggest that its use of the amber-gold color is nonfunctional.

### III. CONCLUSION

LINK: 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0457 GAF (PLAx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | Solid 21, Inc. v. Breitling USA inc. et al | | |

      For the reasons set forth above, the Court **GRANTS** Breitling's motion to dismiss. All claims based on Breitling's alleged infringement of the "Red Gold" word mark are **DISMISSED with prejudice**. All claims based on Breitling's alleged infringement of Plaintiff's unregistered color trademark of "gold with an amber hue" are **DISMISSED with leave to amend**. If Plaintiff wishes to pursue its claims, it must file an amended complaint addressing the deficiencies identified above by **no later than August 3, 2011**. <u>**Failure to file an amended complaint by that deadline will be deemed consent to dismissal of the remaining claims.**</u> The hearing on this motion currently scheduled for July 25, 2011, is hereby **VACATED**.

      **IT IS SO ORDERED.**