UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SOLID 21, INC., a Nevada Corporation headquartered in Los Angeles, California,

        Plaintiff - Appellant,

  v.

BREITLING USA, INC., a Connecticut Corporation and BREITLING SA, a Swiss Corporation,

        Defendants - Appellees.

No. 11-56439

D.C. No. 2:11-cv-00457-GAF-PLA
U.S. District Court for Central California, Los Angeles

**MANDATE**



RECEIVED
CLERK, U.S. DISTRICT COURT

4/16/2013

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DLM_____ DEPUTY

    The judgment of this Court, entered March 19, 2013, takes effect this date.

    This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

    Costs are taxed against the appellees in the amount of $284.80.

                          FOR THE COURT:
                          Molly C. Dwyer
                          Clerk of Court

                          Rhonda Roberts
                          Deputy Clerk

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOLID 21, INC., a Nevada Corporation headquartered in Los Angeles, California,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>BREITLING USA, INC., a Connecticut Corporation and BREITLING SA, a Swiss Corporation,<br><br>          Defendants - Appellees. | No. 11-56439<br><br>D.C. No. 2:11-cv-00457-GAF-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted March 7, 2013
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and WOLF, Senior District Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Mark L. Wolf, Senior District Judge for the U.S. District Court for the District of Massachusetts, sitting by designation.

Solid 21, Inc. (Solid 21) appeals the district court's dismissal of its claims against Breitling USA, Inc. and Breitling SA (collectively, Breitling) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

The district court erred in dismissing Solid 21's claims with prejudice under Rule 12(b)(6) for failure to state a claim.  Solid 21 has alleged in its complaint and submitted supporting documentation indicating that its "Red Gold" mark is registered in accordance with the Lanham Act.  Solid 21's federal registration of its trademark constitutes prima facie evidence of the mark's validity, 15 U.S.C. § 1057(b), entitles Solid 21 to a "strong presumption" that the mark is not generic, *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010) (quoting *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604 (9th Cir. 2005)), and shifts the burden to Breitling to show "by a preponderance of the evidence" that the mark is not protectable, *id*. at 1114 (citing *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002); *Vuitton et Fils S.A. v. J. Young Enters., Inc.*, 644 F.2d 769, 775-76 (9th Cir. 1981)); *accord Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th

---

[1] Solid 21 does not challenge the district court's dismissal of its claims related to its unregistered claimed trademark in the gold alloy with an amber hue that it uses in its products ("the Color Mark").

2

Cir. 2005). Our precedent makes clear that the presumption of validity is difficult to overcome, even at the summary judgment stage. *See Zobmondo*, 602 F.3d at 1115 ("[T]he presumption of validity is a strong one, and the burden on the defendant necessary to overcome that presumption at summary judgment is heavy.").

Breitling's contention that the mark is, in fact, generic is an attempt to introduce evidence to rebut the complaint, which is impermissible at the motion to dismiss stage.[2] While a court may consider judicially noticeable facts in resolving a motion to dismiss, *see, e.g.*, *Colony Coves Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011), the inquiry under Rule 12(b)(6) is into the adequacy of the pleadings, not the adequacy of the evidence.

The parties' pending requests for judicial notice on appeal are **DENIED**.

---

[2]Breitling argues strenuously on appeal that the presumption of a registered mark's validity is a "bursting" presumption—in other words, that once any contrary evidence of invalidity is presented, the presumption loses all evidentiary significance. However, the cases to which Breitling cites for this proposition, *Talking Rain Beverage Co. v. South Beach Beverage Co.*, 349 F.3d 601 (9th Cir. 2003) and *Tie Tech, Inc.*, 296 F.3d 778, merely recognize that the presumption of validity is rebuttable and may not be sufficient in and of itself to preclude *summary judgment*. *Talking Rain*, 349 F.3d at 603; *Tie Tech*, 296 F.3d at 783; *cf. Zobmondo Entm't, LLC*, 602 F.3d at 1118 (noting that, on remand, the trier of fact must measure competitor Zobmondo's evidence of third party use of a mark "against the presumption of validity afforded to Falls Media's registered mark and against any other evidence of distinctiveness that Falls Media has proffered").

**REVERSED AND REMANDED**.

4